IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL RAY KING,

   Plaintiff,

vs.           Civil Action 2:06-CV-688
              Judge Sargus
              Magistrate Judge King

BIG LOTS INC., *et al.*,

   Defendants.

### ORDER

  Plaintiff seeks recovery for injuries sustained as a result of the alleged negligence of defendant's employee. Plaintiff specifically alleges that defendant's employee struck a dock plate with a conveyor, injuring plaintiff's leg and spine while plaintiff was delivering a shipment on the loading dock of defendant's Wichita, Kansas, facility. Following the preliminary pretrial conference held on January 31, 2007, all discovery was to have been completed by August 31, 2007. *Preliminary Pretrial Order*, Doc. No. 7. Dispositive motions are due no later than October 31, 2007. *Id.* The case is currently scheduled for trial by jury beginning February 18, 2008. Doc. No. 11.

  An issue recently arose regarding chiropractic treatment apparently undergone by plaintiff but which was not disclosed to defendants during the discovery period. Following a discovery conference held on September 17, 2007, the United States Magistrate Judge directed that, if plaintiff intended to pursue the matter, he would be required to file a motion to reopen discovery. *Order*, Doc. No. 18. Moreover, because any reopening of discovery would require defendants to re-depose

plaintiff's expert, the Magistrate Judge specifically warned plaintiff of the consequences of his failure to fulfill his discovery obligations:

> It is **ORDERED** that, should discovery be reopened as contemplated by plaintiff, plaintiff will be assessed all costs, including travel expenses and attorney's fees, associated with discovery necessitated by plaintiff's failure to timely produce records of his chiropractic treatment.

*Id.*, at 2. On September 19, 2007, plaintiff in fact filed a motion to reopen discovery. Doc. No. 19. However, on September 27, 2007, plaintiff also filed a motion to voluntarily dismiss the action without prejudice, Doc. No. 20, which the Court will now address.

The motion to voluntarily dismiss is predicated on the recent illness and death of the father and law partner of one of plaintiff's counsel. "The undersigned counsel respectfully concede that this development compromises their ability to comply with the Court's pretrial deadlines." *Plaintiff's Motion for a Fed. R. Civ. P. 41(a)(2) Voluntary Dismissal without Prejudice*, at 1. In response, defendant Big Lots Stores, Inc., asks that any voluntary dismissal be subject to the same condition as was imposed by the Magistrate Judge. "If Plaintiff re-files Big Lots will still be forced to 're-open' discovery – something wholly unnecessary if Plaintiff had discharged his obligations in the first place." *Defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss without Prejudice*, at 2.

Once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation or "order of the court . . . upon such terms and conditions as the court deems proper. . . ." F.R.Civ.P. 41(a)(2). A court is vested with broad discretion in considering a motion to voluntarily dismiss, and may

2

fashion a remedy so as to avoid prejudice to other parties. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

This Court agrees that dismissal of the action without the condition imposed by the Magistrate Judge will work to defendants' "plain legal prejudice"; to hold otherwise would permit plaintiff to avoid the consequences of his untimely disclosure of chiropractic treatment. *See, e.g., Rosenthal v. Bridgestone/Firestone Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. Feb. 16, 2007) (citing *Grover*, 33 F.3d at 718).

Accordingly, plaintiff's motion to voluntarily dismiss the action, Doc. No. 20, is **GRANTED ON THE CONDITION** that, should plaintiff re-file the claims asserted in this action, plaintiff will be assessed all costs, including travel expenses and attorney's fees, associated with discovery necessitated by plaintiff's failure to timely produce records of his chiropractic treatment.

10-16-2007
Edmund A. Sargus, Jr.
United States District Judge